UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **DONNA CAROL PROCTOR,** } | |
| } | |
|     **Plaintiff,** } | |
| } | |
| v. } | Case No.: 4:19-cv-00822-ACA |
| } | |
| **SOCIAL SECURITY** } | |
| **ADMINISTRATION,** } | |
| **COMMISSIONER,** } | |
| } | |
|     **Defendant.** } | |

## **MEMORANDUM OPINION**

Plaintiff Donna Carol Proctor appeals the decision of the Commissioner of Social Security denying her claim for a period of disability and disability insurance benefits. Based on the court's review of the administrative record and the parties' briefs, the court **WILL AFFIRM** the Commissioner's decision.

## I.    PROCEDURAL HISTORY

On June 29, 2016, Ms. Proctor applied for a period of disability and disability insurance benefits. (R. 183). Ms. Proctor alleges that her disability began on January 1, 2016. (*Id.*). The Commissioner initially denied Ms. Proctor's claim, and Ms. Proctor requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.*

at 30, 106). After holding a hearing (*id.* at 32–48), the ALJ issued an unfavorable decision (*id.* at 8, 11–17).

Ms. Proctor submitted additional evidence to the Appeals Council. (*See* R. at 2, 49–77). The Appeals Council found that some of the evidence was not new, some of it was not material, and some of it was not chronologically relevant (*id.* at 2), and denied Ms. Proctor's request for review (*id.* at 1). The Appeals Council's denial of review makes the Commissioner's decision final and ripe for the court's judicial review. *See* 42 U.S.C § 405(g).

## II. STANDARD OF REVIEW

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court "must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotation marks omitted). "Under the substantial evidence standard, this court will affirm the ALJ's decision if there exists such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quotation marks omitted). The court may not "decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [ALJ]." *Winschel*, 631 F.3d at 1178 (quotation marks omitted). The court must affirm "[e]ven if the evidence preponderates against the Commissioner's findings."

*Crawford v. Comm'r of Soc. Sec.,* 363 F.3d 1155, 1158–59 (11th Cir. 2004) (quotation marks omitted).

Despite the deferential standard for review of claims, the court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Henry*, 802 F.3d at 1267 (quotation marks omitted). Moreover, the court must reverse the Commissioner's decision if the ALJ does not apply the correct legal standards. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145–46 (11th Cir. 1991).

## III. ALJ'S DECISION

To determine whether an individual is disabled, an ALJ follows a five-step sequential evaluation process. The ALJ considers:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178.

Here, the ALJ determined that Ms. Proctor had not engaged in substantial gainful activity from the alleged onset date of January 1, 2016 through her date last insured of December 31, 2017. (R. at 13). The ALJ found that Ms. Proctor had the

following severe impairments: lumbar degenerative disc disease with foraminal disc herniation, lumbar radiculopathy, and moderate facet arthrosis. (*Id.*). The ALJ then concluded that Ms. Proctor does not suffer from an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (*Id.* at 13–14).

After considering the evidence of record, the ALJ determined that Ms. Proctor had the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b), with certain additional limitations, including that "due to pain, she is capable of maintaining attention, concentration, persistence, or pace for two-hour segments of time with customary breaks between segments." (R. at 14). Based on this residual functional capacity and the testimony of a vocational expert, the ALJ found that Ms. Proctor could perform her past work as a cleaner/housekeeper. (*Id.* at 15–16). In the alternative, the ALJ found that through Ms. Proctors' date last insured, jobs existed in significant numbers in the national economy that she could perform, including assembler, hand packager, and inspector. (*Id.* at 16–17). Accordingly, the ALJ determined that Ms. Proctor has not been under a disability, as defined in the Social Security Act, from January 1, 2016, through December 31, 2017. (*Id.* at 17).

## IV. DISCUSSION

Ms. Proctor argues that the court should reverse and remand the Commissioner's decision for four reasons: (1) the ALJ failed to properly apply the pain standard; (2) substantial evidence does not support the ALJ's finding that Ms. Proctor can perform her past work; and (3) the Appeals Council failed to consider new, material, and chronologically relevant evidence. (Doc. 9 at 1–2). The court addresses each issue in turn.

1. The Pain Standard

Ms. Proctor contends that the ALJ erred in applying the Eleventh Circuit's pain standard because her testimony about the pain she suffers is consistent with and supported by objective medical evidence of foraminal disc herniation. (Doc. 9 at 14–15).

Under Eleventh Circuit precedent, a claimant attempting to establish disability through testimony of pain or other subjective symptoms must show evidence of an underlying medical condition and either (1) "objective medical evidence that confirms the severity of the alleged pain arising from that condition" or (2) "that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation marks omitted). The Commissioner does not dispute that Ms. Proctor presented evidence of underlying medical conditions

5

relating to her back, specifically: lumbar degenerative disc disease with foraminal disc herniation, lumbar radiculopathy, and moderate facet athrosis. (*See* Doc. 10 at 7–10). Thus, the only question before the court is whether substantial evidence supports the ALJ's determination that Ms. Proctor's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record." (R. at 14–15).

The medical evidence shows that in March 2016, Ms. Proctor filled out a questionnaire in which she complained of pain in her lower left back, hip, and leg. (R. at 279). She stated that walking, riding (presumably in a car), sleeping on her back, and cleaning the house made her pain worse, while "not doing anything" made it better. (*Id.*). A physical examination conducted that month showed that her hips, knees, and ankles had "full range of motion without intrinsic joint pain or deformity"; she had a stable gait and was able to stand on her heels and toes. (*Id.* at 287). The doctor ordered an MRI of her lumbar spine (*id.* at 288), which showed "[m]oderate-severe right neuroforaminal stenosis" and "[a]dditional degenerative disc disease, facet arthropathy and spinal stenosis" (*id.* at 271).

Later that month, Ms. Proctor saw a doctor for pain in her left lower extremity, complaining that the pain had been present for a while but that the symptoms had progressively worsened. (R. at 276). The doctor reviewed the MRI and found that

she had a foraminal disk herniation and moderate facet arthrosis "but really no stenosis." (*Id.* at 277). A physical exam showed that Ms. Proctor had "good strength, negative straight leg raising, and normal gait." (*Id.*). He recommended a nonsurgical approach but noted that if her symptoms failed to improve, further imaging may be helpful. (*Id.*).

At the hearing before the ALJ, Ms. Proctor testified that she began having back pain in her early 30s, about twenty years before she applied for disability benefits. (R. at 35). She quit her last job in 2013 because standing on the cement floor hurt her back. (*Id.* at 34–35). Then in October 2015, she injured her back, worsening her pain, when bending down to cross under her husband's tractor trailer. (*Id.*). She testified that walking, standing, and pushing a broom hurt, and her only relief was "to be kicked back in [her] recliner." (*Id.* at 34). She had seen a doctor about her back pain, but had not pursued any treatment other than non-narcotic pain medicine because she did not have health insurance. (*Id.* at 40–41). She testified that her pain had gotten worse since she last saw a doctor—in March 2016, the pain was in her lower back and left leg, but as of the hearing in February 2018, she felt pain in both legs and feet. (*Id.* at 31, 41–42).

According to Ms. Proctor, her pain was so bad that she could only sweep or mop for five to ten minutes before needing to lay in her recliner for "[a]n hour or so." (*Id.* at 42–43). She could walk for five to ten minutes before starting to "hurt

real bad"; had to shift her weight around when sitting; could drive for only three or four miles; and could concentrate for up to thirty minutes before the pain interfered. (*Id.* at 43–46). She testified that on good days, her pain was about a four or five out of ten, and on bad days, it was a "[s]ix, seven, eight, somewhere like that." (*Id.* at 44–45).

The ALJ found that Ms. Proctor's medically determinable impairments could reasonably be expected to cause her symptoms, but that her statements about the intensity, persistence, and limiting effects of her symptoms were not "entirely consistent with the medical evidence and other evidence in the record." (R. at 14–15).

"If a claimant testifies as to his subjective complaints of disabling pain and other symptoms . . . , the ALJ must clearly articulate explicit and adequate reasons for discrediting the claimant's allegations of completely disabling symptoms." *Dyer*, 395 F.3d at 1210. The ALJ need not make "an explicit finding as to credibility, [but] . . . the implication must be obvious to the reviewing court." *Id.* The credibility determination must be sufficient to enable the court "to conclude that [the ALJ] considered [the claimant's] medical condition as a whole." *Id.* (first alteration in original) (quotation marks omitted).

Here, the ALJ expressly found that Ms. Proctor's testimony about the extent of her pain was not consistent with the medical evidence in the record. (R. at 14–

8

15). In making that determination, the ALJ reviewed and summarized all of the medical evidence that had been submitted, none of which confirmed Ms. Proctor's level of alleged pain. (*Id.* at 15). That is sufficient to show that the ALJ considered Ms. Proctor's medical condition as a whole in making the credibility determination. *See Dyer*, 395 F.3d at 1211 ("[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable [the district court] to conclude that the ALJ considered her medical condition as a whole.") (some alterations omitted). And, given that credibility determination, substantial evidence supports the ALJ's conclusion that Ms. Proctor's subjective testimony did not satisfy the "pain standard."

### 2. Remaining Issues

Ms. Proctor's brief expressly identifies two additional issues: (1) that the ALJ erred in finding that she can perform her past work; and (2) that the Appeals Council erred in failing to consider new, material, and chronologically relevant evidence. (Doc. 9 at 1, 19–32). In her brief, Ms. Prcotor cites and summarizes a number of published and unpublished Eleventh Circuit decisions, as well as several unpublished district court decisions. (*Id.* at 19–32). She also identifies the purportedly new, material, and chronologically relevant evidence. (*Id.* at 23, 29).

However, she presents no argument or discussion of the facts relevant to her case. (*Id.* at 19–32).

This sort of perfunctory identification of issues gives neither the Commissioner nor the court any guidance about Ms. Proctor's argument aside from the fact that she asserts the existence of an error. *See Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009) ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue . . . ."); *see also Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."). Nor does Ms. Proctor's reply brief remedy the deficiencies of her initial brief. (*See* Doc. 11 at 6–13). Because Ms. Proctor's briefs do not present adequate argument on these two issues, the court will not address them.

## V. CONCLUSION

For the reasons explained above, the court concludes that substantial evidence supports the Commissioner's decision and the Commissioner applied the proper legal standards in reaching the determination. The court **WILL AFFIRM** the Commissioner's final decision.

The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this February 12, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE